UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HERACLIO CORNEJO, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GRAHAM DEPT. OF CORRECTIONS )<br>HEALTHCARE, )<br>)<br>Defendants. ) | No.: 15-cv-3303-JES |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 claim of deliberate indifference to his serious medical needs against Graham Department of Corrections Healthcare. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

### ANALYSIS

The Complaint asserts that in 2014, Dr. Barra, a dentist at Graham Correctional, extracted all of Plaintiff's teeth. Plaintiff was subsequently referred to Dr. Swanson, an oral surgeon in Effingham Illinois, who purportedly told Plaintiff that he needed bone and skin grafts to his mouth. Plaintiff alleges that Dr. Barra has refused to schedule this procedure, leaving him in pain and with difficulty eating.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). Furthermore, the failure to provide needed dental treatment may rise to the level of deliberate indifference. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Accordingly, at this juncture, Plaintiff states a colorable claim against Dr. Barra for deliberate indifference to his serious medical need.

While Plaintiff names "Graham Department of Corrections Healthcare" as the sole defendant, he does not allege that he was harmed as a result of a Graham Healthcare policy. *See Jackson v. Illinois Medi-Care, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002) (private corporations acting under the color of state law are treated as municipalities for purposes of liability under § 1983). *See also*, *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in order to be held liable under § 1983, "a municipal policy or practice must be the direct cause or moving force behind the constitutional violation"). Since Plaintiff has failed to allege that he was injured due to a Graham Healthcare policy or practice, this Defendant is DISMISSED.

As Plaintiff alleges that Dr. Barra personally participated in the infringement, Dr. Barra will be added as a Defendant. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim of deliberate indifference against Dr. Barra. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be

included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. The Clerk is directed to TERMINATE Graham Department of Corrections Healthcare as a Defendant and to add Dr. Barra.

2) Plaintiff's Motion for Counsel [5], is DENIED as Plaintiff does not allege that he made any attempts to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In the event Plaintiff renews his motion for appointment of counsel, he should list the attorneys to whom he wrote and should attach any letters sent to or received from those attorneys. Plaintiff's Motions for Status [6] and [8] are rendered MOOT by this Order.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of

forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.

13) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

|  |  |
|---|---|
| \_\_4/8/16_____<br>ENTERED | _____s/James E. Shadid_____<br>JAMES E. SHADID<br>UNITED STATES DISTRICT JUDGE |